**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
BOSTON DIVISION

04   11720 GAO

CIVIL ACTION NO.:

ROBERT O'TOOLE,                MAGISTRATE JUDGE Bowler

          **Plaintiff,**      )
                         )
**v.**                    )
                         )
**THE STANDARD INSURANCE**  )
                         )
         **Defendant.**     )

| |
|---|
| RECEIPT # 5774 |
| AMOUNT $120 |
| SUMMONS ISSUED Yes |
| LOCAL RULE 4.1 |
| WAIVER FORM |
| MCF ISSUED |
| BY DPTY. CLK. KDM |
| DATE 8/5/04 |

**COMPLAINT**

NOW COMES THE Plaintiff, by and through his attorney, Michael James Kelley, and makes this complaint against the Defendant:

## I. GENERAL ALLEGATIONS

1.     This action arises under the EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 [29 USC §§1001 ET SEQ.] (ERISA) and more particularly §502(a)(1)(B) and §502(c) of said Act [29 USC §1132(a)(1)(B), §1132(c)]. The court has jurisdiction of this matter under 29 USC §1132(e).

2.     The Plaintiff is currently residing at 23 Reedsdale Road, Milton, Commonwealth of Massachusetts and is a qualified participant in a Long Term Disability (LTD) plan within the meaning of 29 USC §1002(7) of ERISA.

3.      The Defendant, the Standard Insurance, is a corporation organized and existing under the laws of the State of Delaware, with its principle place of business at Portland, Oregon.

4.      The Defendant, The Standard Insurance, hereinafter cited as the LTD Plan or Plan, is a qualified employees' Long Term Disability Plan under Section 401 of the Internal Revenue Code of 1954, as amended and an employee benefit plan within the meaning of 29 USC §1002(2)(A) and §1002(35).

5.      The Plaintiff was a qualified employee of New England of Law, hereinafter cited as Employer, and remained continuously employed under the terms of the LTD Plan.

6.      Plaintiff became 100% permanently disabled due to severe medical impairments and applied for long term disability benefits with the Defendant.

7.      The decision by the Defendant, issued on February 20, 2004, was their final decision denying benefits and the Plaintiff thereby exhausted all internal appeals process.

8.      The Plaintiff was not eligible for review of her claim by the Federal Court until he had exhausted all internal appeals.

9.     Benefits due are vested under the LTD and the Plaintiff has complied with all
       conditions in order to receive such disability benefits.

10.    The Defendant failed to consider evidence offered by Plaintiff establishing total
       and permanent disability.

11.    The Defendant failed to provide the Plaintiff with the opportunity for a full and
       fair review of his claim.

12.    The above-mentioned decision of the Defendant denying the Plaintiff benefits due
       under the terms of the long term disability plan was arbitrary, capricious, not
       made in good faith, unsupported by substantial evidence, erroneous as a matter of
       law, and in violation of ERISA.

13.    As the direct and proximate result of the actions of the defendant, The Standard
       Benefit Administrators, Plaintiff has been caused to incur attorneys' fees in an
       amount currently not known to the Plaintiff.

14.    As a direct and proximate result of the above Defendant's actions, the Plaintiff
       has lost benefits in an amount not known in full by the Plaintiff but upon belief
       and information such loss approximates the amount of benefits due under the
       terms of the LTD Plan for each month since January 17, 2003 and the amount the
       Plaintiff will continue to sustain each month until the benefits are paid in full.

**WHEREFORE,** the Plaintiff prays judgment against the Defendants as follows:

1.    An order for the Defendant's LTD Plan to pay to the Plaintiff all Long
Term Disability benefits accrued and unpaid to the date of this judgment;

2.    An order for the Defendants to designate the Plaintiff as an eligible
participant under the Plan and to pay the Plaintiff the contracted monthly
LTD benefits from the date of this judgment henceforth;

3.    Imposition of such other penalties against the Defendants as deemed
appropriate; and

4.    The Plaintiff is awarded attorneys' fees and costs of this action and such
other relief as deemed appropriate.

Date: July 28, 2004

Respectfully submitted,
Plaintiff
By his Attorney

Michael James Kelley, Esq.
167 Milk Street, Suite 428
Boston, MA  02109
617/ 523-1450
BBO# 567329

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) O'Toole v. The Standard Insurance

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

___  I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

✓   II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,          *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

___  III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

___  IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

___  V.      150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)).  IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                                          YES        (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?    (SEE 28 USC §2403)

                                                          YES        (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                          YES        NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

                                                          YES        (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                          YES        (NO)

   A.    IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

         EASTERN DIVISION               CENTRAL DIVISION               WESTERN DIVISION

   B.    IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

         (EASTERN DIVISION)             CENTRAL DIVISION               WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Michael James Kelley
ADDRESS    167 Milk St. Suite 428, Boston, MA 02109
TELEPHONE NO.    617/ 523-1450

(Cover sheet local.wpd  - 11/27/00)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Robert O'Toole

## DEFENDANTS

The Standard Insurance

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael James Kelley, Esq.
167 Milk Street, Suite 428
Boston, MA 02109   617/523-1450

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
   Plaintiff

☒ 3 Federal Question
   (U.S. Government Not a Party)

☐ 2 U.S. Government
   Defendant

☐ 4 Diversity
   (Indicate Citizenship of Parties
   in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                    AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
   Proceeding

☐ 2 Removed from
   State Court

☐ 3 Remanded from
   Appellate Court

☐ 4 Reinstated or
   Reopened

☐ 5 Transferred from
   another district
   (specify)

☐ 6 Multidistrict
   Litigation

☐ 7 Appeal to District
   Judge from
   Magistrate
   Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Denial of Long Term Disability benefits. ERISA (29 USC sec. 1001 & 1132(e).

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
7/28/04

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____