UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT O'TOOLE, | ) | |
|     Plaintiff | ) | C.A. No. 04-11720 GAO |
| | ) | |
| v. | ) | |
| | ) | |
| THE STANDARD INSURANCE, | ) | ANSWER: |
|     Defendant | ) | |

Standard Insurance ("Standard") responds to the allegations of plaintiff's complaint as follows:

**FIRST DEFENSE**

1. The allegations of paragraphs 1 and 8 state conclusions of law for which no response is required; to the extent the Court may otherwise construe those paragraphs, they are admitted.

2. Answering the allegations of paragraph 2, lacks knowledge or information sufficient to form a belief as to the truth of the first clause of that paragraph. Answering the remaining allegations of that paragraph, alleges that plaintiff was at relevant times a participant in an employee welfare benefit plan sponsored and maintained by the New England School of Law; except as so alleged, denies the remaining allegations of that paragraph.

3. Answering the allegations of paragraph 3, alleges that Standard Insurance maintains its principal place of business in Portland, Oregon; except as so alleged, denies the remaining allegations of that paragraph.

4. Answering the allegations of paragraph 4, alleges that at all relevant times the New England School of Law sponsored and maintained an employee welfare benefit plan, as defined by ERISA, and a group long-term disability ("LTD") insurance policy issued by the Teachers Insurance and Annuity Association ("TIAA") funded LTD benefits under that Plan.

All rights and obligations under the Policy have since been assigned to Standard. Except as so alleged, denies the remaining allegations of that paragraph.

5. Answering the allegations of paragraph 5, alleges that plaintiff was, at times, employed by the New England School of Law; except as so alleged, denies the remaining allegations of that paragraph.

6. Answering the allegations of paragraph 6, alleges that plaintiff applied for LTD benefits under the Plan; except as so alleged, denies the remaining allegations of that paragraph.

7. Admits the allegations of paragraph 7.

8. Denies the allegations of paragraphs 9 through 14.

## SECOND DEFENSE

9. Plaintiff has failed to state a claim upon which relief may be granted.

## THIRD DEFENSE

10. ERISA preempts and bars any state and common law causes of action with respect to plaintiff's claim for LTD benefits under the Plan.

## FOURTH DEFENSE

11. Plaintiff's remedies are limited solely to those afforded by ERISA.

## FIFTH DEFENSE

12. Plaintiff's claims are barred because Standard discharged its duties in the interest of Plan participants and beneficiaries and, in doing so, acted in accordance with ERISA and the documents and instruments governing the Plan.

### SIXTH DEFENSE.

13. Plaintiff's claims are barred because Standard's claim decision was not arbitrary, capricious, unreasonable or made in bad faith.

### SEVENTH DEFENSE

14. Plaintiff is not entitled to claim benefits in this action payable under the Plan in the future.

### EIGHTH DEFENSE

15. Under the terms of the Plan and Policy, Standard is entitled to an offset based on any social security, workers' compensation or other income or benefits paid to plaintiff on account of retirement or disability.

WHEREFORE, defendant Standard Insurance demands judgment dismissing the complaint with prejudice, costs, attorney's fees and such further relief as the Court may deem appropriate.

Brooks R. Magratten, Esq.
BBO #650393
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]

Dated:   November         , 2004